Quintin G. Shammam, Esq. (SBN. 246926)
**LAW OFFICES OF QUINTIN G. SHAMMAM**
**2221 Camino Del Rio South, Ste. 207**
**San Diego, California 92108**
**Tel: (619) 444-0001**
**Fax: (619) 501-1119**

Attorney for Plaintiff
JOSE L HERNANDEZ

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. HERNANDEZ, | **Case No.:** '15CV1752 BEN NLS |
| Plaintiff, | **Complaint for Damages** |
| vs. | **Jury Trial Demanded** |
| GCFS, INC., a California Corporation dba GREATER CALIFORNIA FINANCIAL SERVICES | |
| Defendant. | |

## INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

/ / / /

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-1-

COMPLAINT

2.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.      Jose L. Hernandez ("Plaintiff"), challenges the debt collection actions of GCFS, INC., a California Corporation dba GREATER CALIFORNIA FINANCIAL SERVICES ("Defendant"), regarding its unlawful attempt to collect a debt allegedly owed by Plaintiff.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.      Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

6.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k)(d), and 28 U.S.C. § 1367 for supplemental state claims.

7.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8.      Because Defendant is located and does business within the State of California, County of San Diego, personal jurisdiction is established.

9.      Venue is proper pursuant to 28 U.S.C. § 1391.

/ / / /

/ / / /

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

**COMPLAINT**

**PARTIES**

10.     Plaintiff is a natural person who resides in the City of Bonita, County of San Diego, State of California and is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. § 1692a(3) and 1692k.

11.     Defendant is a California Corporation who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13.     Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

15.     At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16.     At all times relevant, Defendant is located in California and has conducted business within California.

17.     Before August 31, 2012, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and was therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Wells Fargo Bank, N.A. visa credit card ("Debt").

/ / / /

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-3-

**COMPLAINT**

18.     The Debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

19.     Plaintiff allegedly fell behind in the payments owed on the Debt. Plaintiff takes no position as to the validity of the Debt.

20.     Before August 31, 2012, the Debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21.     On or about June 1, 2014, Plaintiff and Defendant entered into a stipulated judgment whereby Plaintiff made payments of $50.00 per month with interest until the full amount of the judgment was paid in consideration for Defendant forbearing on executing the stipulated judgment ("Contract").

22.     On June 12, 2014, Defendant sent Plaintiff a "Letter of Forbearance" acknowledging the terms of the Contract.

23.     Plaintiff authorized Defendant to debit his bank account for $50.00 per month as required under the Contract.

24.     Defendant did not provide any notice to Plaintiff prior to debiting his account.

25.     On or about February 10, 2015, despite Plaintiff's authorization to debit his account, Defendant stopped debiting Plaintiff's account.  Defendant subsequently executed on the judgment and began collection measures including, but not limited to, levying Plaintiff's bank account for approximately $7,100.00.

### Count I

### Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692 et seq.

26.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

27.     Defendant engaged in false, deceptive, and misleading representations in violation of 15 U.S.C. § 1692e in connection with collecting the Debt.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-4-

28.     Defendant willfully deceived Plaintiff by promising that if he entered into the stipulated judgment and made the required payments it would not execute the judgment. This representation was false and Defendant knew it was false when its representatives entered into the Contract with Plaintiff and sent the forbearance letter to Plaintiff.   Plaintiff relied on Defendant's promises and dutifully made the required payments.   Defendant however unilaterally stopped accepting Plaintiff's payments, executed on the stipulated judgment, and began collection measures. Defendant induced Plaintiff to make payments including interest with the intention of not forbearing or waiting until the full amount of the judgment was paid by the monthly payments. Defendant executed the stipulated judgement when it wanted more than the $50.00 monthly payments it agreed to receive.

29.     Defendant's conduct, described above, includes unfair and unconscionable means to collect the Debt in violation of 15 U.S.C. § 1692f, (f)(1), and (f)(2).  It was unscrupulous and not within principles of equality and justice for Defendant to induce Plaintiff to enter into the stipulated judgment (Contract) through misrepresentations and false promises.

30.     Defendant attempted to collect additional amounts not authorized by the agreement creating the debt or permitted by law after it entered into the Contract. Despite debiting Plaintiff's account under the Contract, Defendant executed the judgment and is seeking to collect the judgment. Finally, Defendant did not provide any notice to Plaintiff prior to debiting his account as required under the FDCPA.

31.     The foregoing acts and omission constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

32.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from Defendant.

///

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-5-

COMPLAINT

**Count II**

**Rosenthal Fair Debt Collection Practices Act (RFDCPA)**

**Cal. Civ. Code §§ 1788-1788.32**

33.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

34.     Because Defendant's conduct violated certain portions of the FDCPA, which are incorporated by reference in the RFDCPA through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35.     The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

36.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**Count III**

**Breach of Contract**

37.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38.     On or about June 1, 2014, Plaintiff and Defendant entered into the Contract.

39.     Plaintiff performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Contract by making the required monthly payments.

40.     The Defendant breached the Contract by executing the judgment and attempting to collect upon the judgment despite the fact that Plaintiff made the required monthly payments.

41.     Plaintiff has requested that Defendant retract the judgment and refrain from collection measures but Defendant refuses to cease collection efforts.

42.     As a result of the Defendant's breach of the Contract, Plaintiff has been damaged in amount to be proven at trial.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-6-

**COMPLAINT**

**TRIAL BY JURY**

43.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30( c);
- Special, general, compensatory and punitive damages;
- For such other relief as may be just and proper.


Dated:  ___8/6/2015_____          By:  ___s/ Quintin G. Shammam_____
                                      Quintin G. Shammam, Attorney for Plaintiff
                                       JOSE L HERNANDEZ

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-7-

COMPLAINT